UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
SHIVA STEIN,                                    :
                                                :
            Plaintiff,                          :  Case No. 1:22-cv-3468
                                                :
v.                                              :
                                                :  **COMPLAINT FOR VIOLATIONS OF**
VIDLER WATER RESOURCES, INC.,                   :  **SECTIONS 14(e), 14(d) AND 20(a) OF**
MAXIM C.W. WEBB, DOROTHY TIMIAN-                :  **THE SECURITIES EXCHANGE ACT**
PALMER, NICOLE WEYMOUTH, ERIC H.                :  **OF 1934**
SPERON, and GREGORY BYLINSKY,                   :
                                                :  **JURY TRIAL DEMANDED**
            Defendants.                         :
---------------------------------------------------------  :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.  This is an action brought by Plaintiff against Vidler Water Resources, Inc. ("Vidler Water or the "Company") and the members Vidler Water board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Vidler Water by affiliates of D.R. Horton, Inc. ("D.R. Horton").

2.  Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on April 27, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Potable Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of D.R. Horton, will merge with and into Vidler Water, with Vidler Water continuing as the surviving corporation and becoming a wholly-owned subsidiary of D.R. Horton (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated April 13, 2022 (the "Merger Agreement"), each Vidler Water common share issued and outstanding will be converted into the right to receive: $15.75 in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Vidler Water's outstanding common stock and will expire on May 124, 2022 (the "Tender Offer").

3. Defendants have now asked Vidler Water's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Vidler Water's financial projections relied upon by the Company's financial advisor, Kroll LLC's Duff & Phelps Opinions Practice ("Duff & Phelps") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Duff & Phelps. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Vidler Water stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Vidler Water's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company trades on the NASDAQ Global Select, which is headquartered in this District.

**PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of Vidler Water common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Maxim C.W. Webb has served as a member of the Board since 2016 and as the Executive Chairman of the Board since August 2018.

11. Individual Defendant Dorothy Timian-Palmer has served as a member of the Board since August 2018 and is the Chief Executive Officer.

12. Individual Defendant Nicole Weymouth has served as a member of the Board since March 2018.

13. Individual Defendant Eric H. Speron has served as a member of the Board since January 2016.

14. Individual Defendant Gregory Bylinsky has been a member of the Board since May 2017.

15. Defendant Vidler Water is incorporated in Delaware and maintains its principal offices at 3480 GS Richards Blvd, Suite 101, Carson City, NV 89703. The Company's common stock trades on the NASDAQ Capital Market under the symbol "VWTR."

16. The defendants identified in paragraphs 10-14 are collectively referred to as the "Individual Defendants" or the "Board."

17. The defendants identified in paragraphs 10-15 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.     The Proposed Transaction**

18. Vidler Water, together with its subsidiaries, provides potable water resources to communities in the southwestern United States. It engages in selling its water rights and storage credits in Arizona, Colorado, Nevada, and New Mexico. The Company sells its water rights to real estate developers, alternative energy facilities, or other commercial and industrial users, as well as to water utilities, municipalities, and other government agencies; and sells its stored water to state agencies, commercial developers, or municipalities for their commercial projects or communities. It also leases and sells water assets and land. The Company was formerly known as PICO

Holdings, Inc. and changed its name to Vidler Water Resources, Inc. in March 2021. Vidler Water was incorporated in 1981 and is based in Carson City, Nevada.

19. On April 14, 2022, Vidler Water and D.R. Horton jointly announced the Proposed Transaction:

> ARLINGTON, Texas & CARSON CITY, Nev.--(BUSINESS WIRE)--D.R. Horton, Inc. (NYSE: DHI) ("D.R. Horton"), America's Builder, and Vidler Water Resources, Inc. (Nasdaq: VWTR) ("Vidler") announced today that the two companies have entered into a definitive merger agreement pursuant to which D.R. Horton will acquire Vidler for $15.75 per share in an all-cash transaction which represents a 19% premium to the 90-day volume-weighted average share price and a 39% premium to Vidler's book value of equity.
>
> Vidler owns a portfolio of premium water rights and other water-related assets in the southwestern United States in markets where D.R. Horton operates that require water for development, but face a lack of adequate supply. Vidler's highly experienced management team has a proven track record of accessing, developing and realizing value for premium water assets while expertly navigating local regulations and working with governmental entities. Post-closing, Vidler will operate as a separate operating division within D.R. Horton.
>
> Under the terms of the merger agreement, D.R. Horton, through its directly owned acquisition subsidiary, will commence a tender offer to acquire all outstanding shares of Vidler for $15.75 per share. Upon the successful completion of the tender offer, D.R. Horton's acquisition subsidiary will be merged into Vidler, and any remaining shares of Vidler will be canceled and converted into the right to receive the same consideration payable pursuant to the tender offer. Following completion of the merger, the common stock of Vidler will no longer be listed for trading on the Nasdaq. The total equity value of the transaction is approximately $291 million, and the transaction is expected to close during the second calendar quarter of 2022 subject to customary closing conditions.
>
> Gibson, Dunn & Crutcher LLP is serving as legal counsel to D.R. Horton. BofA Securities, Inc. is acting as financial advisor to Vidler and Dorsey & Whitney LLP is serving as legal counsel.

\* \* \*

20.     It is therefore imperative that Vidler Water's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.     The Materially Incomplete and Misleading Solicitation Statement**

21.     On April 27, 2022, Vidler Water filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Company Financial Projections*

22.     The Solicitation Statement fails to provide material information concerning financial projections by Vidler Water management and relied upon by the financial advisors in their analyses. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Vidler Water management provided to the Board and the financial advisors. Courts have uniformly

stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

23. For the Projections prepared by Company management for Vidler Water on a project-by-project basis for fiscal years 2022 through 2026, the Solicitation Statement provides values for cash flows of each project, which is a non-GAAP (Generally Accepted Accounting Principles) financial metric, without a table of reconciliation to its most comparable financial measure, in direct violation of Regulation G or line items used to derive the cash flows.

24. When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

25. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.[1]

26. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide line items used for the cash flows and a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Duff & Phelps's Financial Analyses*

27. With respect to Duff & Phelps' *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 5.0% to 35.0% applied to the Company's projected cash flows for each of the projects; (ii) the inputs and assumptions underlying the discount rates ranging from 6.0% to 8.0% applied to projected annual overhead expenses; (iii) the estimated present value of future management bonuses and overhead expenses; (iv) the Company's added cash and equivalents as of December 31, 2021; and (v) the number of fully diluted shares of Company stock.

28. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender his shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

## CLAIMS FOR RELIEF

### COUNT I

### On Behalf of Plaintiff Against All Defendants for Violations of Section 14(e) of the Exchange Act

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

31. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

33. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation

9

of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

34. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

35. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
### (Against All Defendants)

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Vidler Water within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Vidler Water, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did

influence and control, directly or indirectly, the decision making of Vidler Water, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Vidler Water, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their

acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 28, 2022                                        MELWANI & CHAN LLP

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas
New York, New York 10036
Tel: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*